THOMAS PRICE ET AL *v.* LEVY, SUMMERS & CO. ET AL.

**Deed—When Will Operate as Mortgage for Creditors.**

The Union Bank of Louisiana, having a judgment against Levy, Summers & Co., obtained through them a deed from Keith to 200 acres of land, for the debt, Levy, Summers & Co. having become the surety of said Keith, having obtained the money for him from said bank. In a suit by the creditors of Levy, Summers & Co., held to be a mortgage for the benefit of said bank.

**Same.**

The judgment against Levy, Summers & Co. was conclusive of the fact that the deed was accepted by them as surety for the debt of Keith, and the creditors were concluded thereby.

APPEAL FROM FULTON CIRCUIT COURT.

June 9, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

In 1857, Robinson and Keith, residents of Fulton county, Kentucky, being indebted to the firm of Levy, Summers & Co., of New Orleans, became the drawers of two bills of exchange for

$5,000 each, for the benefit of said Levy, Summers & Co., who endorsed them to the Union Bank of Louisiana. On the 9th day of March, 1860, the bank having authorized Levy, Summers & Co., to negotiate with Robinson & Keith for the payment or security of said debts, without, however, impairing their responsibility as endorsers, they obtained from Joseph Keith an absolute deed to the bank for two hundred acres of land in Fulton county, for the expressed consideration of "ten thousand dollars, for which they had drawn the bills on account of their indebtedness to Levy, Summers & Co."

The bank having, in the mean time, obtained a judgment against Levy, Summers & Co., as endorsers of said bills, in a court of Louisiana, which being made a matter of record, according to a law of that State, operated as a mortgage on their estates, Summers instituted a suit against the bank, in the sixth district court of the city of New Orleans, alleging the acceptance by the bank, of the conveyance of Keith in satisfaction of the judgment against Levy, Summers & Co., and seeking to have the same so declared, and that the judicial mortgages resulting therefrom be cancelled.

By the defense in that suit it was made to appear that the bank did not accept the conveyance from Keith in satisfaction of the debts against Levy, Summers & Co., but that it did accept it as a security for the debts, and to hold the land in trust for their relief by subjecting it to the payment of the debts; and the court so held, and refusing the relief sought, rendered a judgment for the defendant.

In August, 1866, the appellants, Thomas Price and others, as creditors of Levy, Summers & Co., brought this suit in the Fulton circuit court against the Union Bank and Robinson and Keith, together with the surviving members of the firm of Levy, Summers & Co., and the heirs of Summers, who had died, and caused attachments to be levied on said tract of land, which they sought to subject to their debts as the equitable estate of Levy, Summers & Co., alleging the execution of said deed by Keith in consideration of the previous indebtedness of Robinson and himself to Levy, Summers & Co., and that the same was so procured by the latter firm without the knowledge or consent of the bank, who did not afterwards accept it, but refused to do so.

The bank answered the petition, admitting that it did not

accept the deed of Keith in satisfaction of its debts, and as an absolute conveyance to it, but denying that it refused to accept the deed as vesting the title in it, and averred, in effect, that it did, according to its arrangement with Levy, Summers & Co., accept the conveyance of the land as a mortgage or deed of trust, vesting the title in it, as a security for its debts, and in trust for the benefit of Levy, Summers & Co.

The court sustained the defense of the bank, and adjudged that the deed of Keith operated to vest the title to the land in it as a security for the payment of its debts, and on the cross-petition of the bank, directed a sale of the land for the satisfaction of its debts, and the plaintiffs, Price and others, have appealed to this court.

We perceive no error in the judgment.

As between the bank and Levy, Summers & Co., it was but just, as well as legal, to give effect to the conveyance of Keith, according to the terms of their contract under which it was accepted, although not in accordance with the legal import of the deed. And the right of the appellants as attaching creditors of Levy, Summers & Co., to subject the land, being necessarily dependent on the nature of their interest in the land, it is obvious that if the bank held the title as security for its debts, the judgment was right. But it is argued that the evidence was not such as to authorize the court to construe the deed as a mortgage, and the bank having disclaimed it as an absolute conveyance, it was inoperative to vest any title in the bank, but the title remained in Keith, subject to the equity of Levy, Summers & Co. But if this deduction was authorized by the facts independent of the judgment of the Louisiana court, we are nevertheless of the opinion that that judgment, as between Levy, Summers & Co. and the bank, was conclusive of the fact that the deed was accepted by the latter as security for its debts, and Levy, Summers & Co., being concluded thereby so were their subsequent attaching creditors.

It has been suggested that it does not appear from the record that the conveyance from Keith was recorded; but with reference to this objection it is sufficient to say, that this suit was not so commenced and prosecuted as to render it available under our

statutes to prevent fraudulent assignments, etc., nor those negotiating ordinary conveyances.

Wherefore, the judgment is *affirmed*.

*James, for appellants.*

*Rodman & Bradley, for appellees.*